UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

DAVID FEINGOLD and

MICHAEL DAZZO,

     Plaintiffs

Vs.

RICHARD CARDINALE, VANIA CARDINALE,

RVCNY, LLC. And RVCSI, LLC.,

     Defendants

_____/

## COMPLAINT

Comes Now the Plaintiffs, by and through undersigned counsel and hereby file this complaint and state as follows

## PARTIES:

1. Plaintiff David Feingold is a citizen of and resident of the State of Florida, Southern District of Florida.

2. Plaintiff Michael Dazzo is a citizen of and resident of the State of Florida and the Southern District of Florida.

3. Defendant Richard Cardinale is a citizen of and resident of the State of New York and resides at 57 St. James Place, Staten Island, NY.

4.  Defendant Vania Cardinale is a citizen of and resident of the State of New York and resides at 57 St. James Place, Staten Island, NY.

5.  Defendant RVCNY, LLC is a limited liability company incorporated in the State of New York with its principal place of business located in the state of New York.

6.  Defendant RVCSI, LLC is a limited liability company incorporated in the State of New York with its principal place of business located in the state of New York.

JURISDICTION:

7.  Jurisdiction is based upon diversity jurisdiction as there is complete diversity between the Plaintiffs and Defendants and the amount in controversy exceeds seventy five thousand dollars exclusive of attorneys fees and costs and thereby jurisdiction is appropriate.

8.  This controversy involves multiple corporations called Alternative Global Management, LLC; Alternative Global One, LLC; Alternative Global Two, LLC; Alternative Global Three, LLC; Alternative Global Four; Alternative Global Five; and Alternative Global Six (collectively hereinafter referred to as the "AG Entities").

9.  Each of the AG Entities are Delaware limited liability companies but with their corporate office and registered agent is located in the Southern District of Florida.

10. Each of the actions alleged herein furthermore took place in the Southern District of Florida or via electronic communications which either originated in or were received in the Southern District of Florida.

FACTS

11. In approximately 2019 the AG Entities were formed by Plaintiff Feingold, Plaintiff Dazzo and Defendant Cardinale.  Each of said entities executed the same operating

agreement which provided that each manager and member, of which the aforementioned Plaintiffs and Defendant were the only managers and members, would have the right to withdrawal from such positions pursuant to Delaware law.

12. The AG Entities control a number of valuable operating businesses that have a substantial net worth in the millions of dollars and the assets of which are owned by the AG Entities include assets in the merchant cash advance industry, the real estate development industry, the debt settlement industry, the fast food industry and home building.

13. Defendant RVCNY, LLC. is an owner of some of the AG Entities assets and Defendant RVCSI, LLC. is an owner of some of the cash flow receipts of the AG Entities and both RVCNY and RVCSI have the same manager and members which are Defendants Richard Cardinale and Defendant Vania Cardinale.

14. As was their right pursuant to all of the executed operating agreements, the Plaintiffs Feingold and Dazzo became uncomfortable with a great deal of the conduct involving the Defendants and as a result resigned from all of the AG Entities except for Alternative Global Management.

COUNT I – PAYMENT OF FAIR VALUE PURSUANT TO STATUTE

15. Plaintiffs reallege paragraphs 1 through 14 as if fully set forth herein.

16. On January 28, 2022 the Plaintiffs advised the Defendants of their resignation of the specific entities identified by sending an email which stated in part "In addition, now that Mr. Feingold and Mr. Dazzo have resigned as members of the Alternative Global Numbered Entities, Mr. Feingold and Mr. Dazzo are entitled to the fair value of their interests.  The operating documents of the Alternative Global Numbered Entities provide that membership resignation becomes effective upon six months notice, however,

Delaware law is clear that Mr. Cardinale and his entities now lawfully owe Mr. Feingold and Mr. Dazzo compensation for the fair market value of all of their interests. This interest is to be based on their right to share in distributions from the Alternative Global Numbered Entities. See 6 Del.C. § 18-604."

17. The Defendants received the above communication and confirmed receipt of the same and its effectiveness on January 28, 2022. Defendants further confirmed acceptance of the same.

18. Delaware code section 18-604 specifically provides that: Except as provided in this subchapter, upon resignation any resigning member is entitled to receive any distribution to which such member is entitled under a limited liability company agreement and, if not otherwise provided in a limited liability company agreement, such member is entitled to receive, within a reasonable time after resignation, the fair value of such member's limited liability company interest as of the date of resignation based upon such member's right to share in distributions from the limited liability company.

19. The Defendants have asserted that they refuse to comply with Delaware law and to pay the Plaintiffs anything. Furthermore the Defendants have seized all of the monies of the AG Entities including Alternative Global Management, LLC. of which the Plaintiffs did not resign. Defendants have further undertaken a campaign of attempting to harm the assets fair value by causing investors to ask for monies and deplete asset values and thereby potentially leaving the AG Entities worthless while Defendants remove money and/or compel close friends of their to take monies thus reducing assets.

20. Hence, the Defendants have seized millions of dollars in cash in bank accounts and assets and refuse to comply with Delaware law and pay fair value as is legally required and

might potentially impair assets for the purpose of inhibiting the ability of the Plaintiffs to

collect monies owed to them.

21. As a direct and proximate result of the Defendants violation of their lawful obligations,

the Plaintiffs have been damaged to the full extent of the fare value required to be paid

under Delaware code section 18-604 as well as any other and addition damages that may

have been incurred.

Wherefore, the Plaintiffs request damages, trial by jury and such other relief as this court

may deem appropriate.

Dated this 5<u>th</u> day of February 2022.

Respectfully Submitted;

DANIELS, RODRIGUEZ, BERKELEY,
DANIELS & CRUZ, PA
Attorneys for Plaintiff
490 Sawgrass Corporate Parkway
Suite 320
Sunrise, Florida 33325
Tel: (305) 448-7988
Fax: (305) 448-7978

By: /s/Lorne E. Berkeley, Esq.
LORNE E. BERKELEY, ESQ.
Fla. Bar No.: 146099