**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-cv-20375-ALTMAN/Reid**

**DAVID FEINGOLD**, *et al.*,

     *Plaintiffs*,

v.

**RICHARD CARDINALE**, *et al.*,

     *Defendants.*

_____/

## ORDER

On July 22, 2024, we consolidated case number 24-cv-22644-RKA with this case under FED. R. CIV. P. 42(a). *See* Order of Consolidation [ECF No. 231] at 1. In Case No. 24-cv-22644-RKA, Plaintiffs David Feingold, Michael Dazzo, and Blackstream Development, LLC sought a declaratory judgment to stop Defendant Richard Cardinale from "engaging in vexatious and unauthorized litigation against Plaintiffs under the guise of various limited liability companies" in a "blatant attempt to subvert the orders this Court has entered against him in [Case No. 22-cv-20375-RKA]." Complaint ¶¶ 1–2, *Feingold v. Cardinale*, No. 24-cv-22644-RKA (S.D. Fla. July 11, 2024), ECF No. 1.

Since we consolidated these cases, the Plaintiffs have both moved for a preliminary anti-suit injunction, [ECF No. 233], and filed an amended complaint concerning the declaratory judgment action, [ECF No. 245]. For their part, the Defendants have moved to dismiss this "anti-suit injunction action." Motion to Dismiss Anti-Suit Injunction Action [ECF No. 234] at 1. As of right now, then, the docket in this case is showing two separate operative complaints, *see* Second Amended Complaint [ECF No. 102] (raising eight tort counts against all the Defendants); Amended Complaint [ECF No. 245] (raising one declaratory-judgment count against Defendant Cardinale), and two different motions

to dismiss, *see* Motion to Dismiss the Second Amended Complaint [ECF No. 120]; Motion to Dismiss Anti-Suit Injunction [ECF No. 234].

We have the inherent authority to "manage [our] dockets . . . with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see also* FED. R. CIV. P. 42(a)(3) ("If actions before the court involve a common question of law or fact, the court may . . . issue any other orders to avoid unnecessary cost or delay."). We find that having two operative complaints—with their own separate motions to dismiss—will delay and complicate this case by effectively creating two parallel proceedings within the same litigation. This is exactly the kind of piecemeal litigation we wanted to avoid by consolidating the parties' various cases. To prevent the further balkanization of this action, we'll order the Plaintiffs to file *one* complaint with all their claims against the Defendants and for the Defendants, in turn, to file *one* responsive pleading to that consolidated complaint. Tolerating anything else will inevitably sow confusion, increase delays, and jeopardize our ability to efficiently adjudicate this case.

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. By **September 11, 2024**, the Plaintiffs shall file a single, combined complaint, which will govern this case.

2. By **October 2, 2024**, the Defendants shall file separate answers or else a single responsive pleading to the Plaintiffs' amended complaint.

3. The Defendants' Motion to Dismiss the Second Amended Complaint [ECF No. 120] and Motion to Dismiss Anti-Suit Injunction [ECF No. 234] are **DENIED as moot** and **without prejudice**.

3

**DONE AND ORDERED** in the Southern District of Florida on August 29, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3